UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOHN LUNDY, )
 )
    Plaintiff, )
 )
v. ) No.: 3:13-CV-588-TAV-HBG
 )
KNOX COUNTY, TENNESSEE, *et al.*, )
 )
    Defendants. )

## MEMORANDUM OPINION

This civil action is before the Court on the Amended Motion of Defendants to Dismiss Complaint [Doc. 11].[1] Defendants move the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Plaintiff responded in opposition to defendants' motion [Doc. 14]. For the reasons set forth below, and after considering the relevant law, the Court will **GRANT** defendants' motion to dismiss plaintiff's state-law claims against defendant Knox County, Tennessee ("defendant Knox County" or "Knox County") and plaintiff's state-law and § 1983 claims against defendant Jimmy "J.J." Jones ("defendant Jones") in both his individual and official capacities.[2]

---

[1] Defendants filed a motion to dismiss [Doc. 10] and amended it the same day. Because that motion is moot in light of the amended motion to dismiss, the Court will deny it as moot.

[2] While defendants' motion seeks to dismiss plaintiff's complaint in its entirety, defendants' memorandum of law in support of the motion makes no argument with respect to plaintiff's claims against defendant Knox County for violations under 42 U.S.C. § 1983. Thus, the Court declines to address this aspect of the motion and finds that these claims against defendant Knox County still stand.

## I. Background[3]

Plaintiff was arrested for "Driving Under the Influence-2nd Offense" and sentenced to the Knox County Detention Facility on October 4, 2012 [Doc. 1 ¶ 7]. Shortly after his arrival, plaintiff began complaining to the jail personnel that he was experiencing pain in his left big toe [*Id.* ¶ 8]. Plaintiff alleges that after about a week of complaining, he was given a form to request medical attention, but he was not given any writing utensils [*Id.* ¶¶ 9–10]. Plaintiff states that when he was finally seen, his toe, which had become an open wound at the time, was wrapped and he was given antibiotics [*Id.* ¶ 11]. Plaintiff states that "seepage" from the open wound on his toe had started to saturate the bandages before he was eventually taken to the hospital on or about October 22, 2012 [*Id.* ¶¶ 12–13]. At the hospital, plaintiff's toe was lanced releasing a "foul-smelling pus-like liquid" [*Id.* ¶ 14]. Plaintiff's toe was then determined to be gangrenous, requiring amputation [*Id.* ¶¶ 15–16]. His toe was subsequently amputated on October 23, 2012 [*Id.* ¶ 17].

Plaintiff alleges that after he was released back to the Knox County jail, he did not receive adequate medical follow-up [*Id.* ¶ 18–19]. He was taken back to the hospital on November 6, 2012, where he was thought to have suffered a stroke because he was disoriented and confused [*Id.* ¶¶ 20–21]. After being admitted to the hospital, it was

---

[3] For the purposes of a motion to dismiss, the Court takes plaintiff's factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "when ruling on a defendant's motion to dismiss, a judge must accept as true all the factual allegations contained in the complaint." (citations omitted)).

determined that plaintiff had encephalopathy and wound dehiscence [*Id.* ¶¶ 22–23]. Plaintiff "was discharged from the hospital on November 13, 2012, and allowed to return home" [*Id.* ¶ 24].

Defendant Jones is the Sheriff of Knox County, Tennessee Sheriff's Department [*Id.* ¶ 3]. Plaintiff avers that at all times material to this action, "all jail personnel were acting under the color of law and pursuant to the policies, customs, training, and regulations" of defendant Knox County Sheriff's Department and defendant Knox County, Tennessee" [*Id.* ¶ 6].

Plaintiff alleges that defendants and defendants' employees acted with deliberate indifference to his medical needs in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 [*Id.* ¶¶ 26–34]. More specifically, plaintiff submits that he was "deprived of his protected interest in life, liberty, and property, without due process, when he was denied medical treatment without sufficient legal cause" in violation of his procedural due process rights [*Id.* ¶ 29]. Additionally, plaintiff claims that his injuries resulted from the execution of unconstitutional, or in the alternative, unconstitutionally implemented policies or customs [*Id.* ¶ 30]. Plaintiff also alleges that defendants and defendants' employees' denial of necessary medical care constituted cruel and unusual punishment in violation of the Eighth Amendment [*Id.* ¶ 31].

Even further, plaintiff alleges that defendant Jones and defendant Knox County are liable under state law for negligence and negligent supervision and training, which was a

3

direct and proximate cause of his injuries [*Id*. ¶ 37].  In addition, plaintiff alleges that defendants' actions were outrageous and intolerable, causing him to suffer severe emotional distress, humiliation, and embarrassment [*Id*. ¶ 42–43].  Plaintiff also alleges that defendants breached their duty to provide him with adequate medical care and follow-up medical care, thereby causing the loss of his toe and other pain and suffering, and making them liable under Tenn. Code Ann. §§ 29-20-201 *et seq.* and §§ 8-8-301 *et seq.* [*Id*. ¶¶ 45–48].  Plaintiff seeks punitive damages alleging that the defendants' actions were "of such a wanton and reckless nature as to warrant punitive damages under both State and Federal law" [*Id*. ¶¶ 49–50].

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

## III. Analysis

Defendants move for dismissal of the § 1983 claims against defendant Jones, on the ground that the complaint does not contain sufficient factual allegations against him proving that he violated plaintiff's rights [Doc. 11 ¶ 1]. Defendants also move to dismiss all the state-law tort claims against Knox County and the claim for punitive damages on the grounds that they are precluded by the Tennessee Governmental Tort Liabilities Act (the "GTLA" or the "Act"), Tenn. Code Ann. §§ 29-20-101*et seq.* [*Id.* ¶¶ 2–3]. Furthermore, defendants move to dismiss plaintiff's state-law tort claims against defendant Jones in his individual capacity because the GTLA "precludes the entry of a judgment against the employee when the governmental entity's immunity from suit has been removed" [*Id.* ¶ 4]. Finally, defendants argue that the claims against defendant

5

Jones in his official capacity should be dismissed because they are duplicitous and could lead to jury confusion [*Id.* ¶ 5].[4]

### A. Defendant Jones' Motion to Dismiss § 1983 Claim and All State-Law Tort Claims in Both His Individual and Official Capacities.

Defendants argue that the § 1983 claims against defendant Jones should be dismissed because a plaintiff pursuing a claim of this nature must "allege and prove that a defendant was personally involved in the alleged unconstitutional activity" [Doc. 12]. Defendants also argue that the Court should dismiss the state-law tort claims against defendant Jones because he has immunity under the GTLA [*Id.*]. Finally, defendants argue that the claims against defendant Jones in his official capacity should be dismissed as redundant [*Id.*].

Plaintiff "agrees that suing an individual in their official capacity is the same as suing the governmental entity itself" but asserts that defendants "cite no basis in law for [defendant Jones'] contention that they are entitled to have their claims dismissed" [Doc. 14]. Nevertheless, plaintiff "agrees to withdraw his claims against Defendant Jimmy 'J.J.' Jones in both capacities" [*Id.*].

Accordingly, in light plaintiff's position, defendants' motion to dismiss these claims will be granted. All of plaintiff's claims against defendant Jones in both his individual capacity and his official capacity as Knox County Sheriff will be dismissed.

---

[4] Defendants' motion does not address plaintiff's claim against defendant Knox County for 42 U.S.C. § 1983 violations. *See supra* note 2.

## B. Tort Claims against Knox County under Tennessee Law

Plaintiff has filed claims against Knox County for negligent supervision and training, extreme and outrageous conduct and intentional infliction of emotional distress, and negligence [Doc. 1]. In their motion, defendants argue that plaintiff's claims should be dismissed because Knox County is immune from this type of suit under the GTLA [Doc. 12].

The county's liability for torts committed by its employees and agents is governed by the GTLA. The "GTLA codifies the Tennessee common law rule of sovereign immunity for counties, municipalities, and other governmental entities." *Hale v. Randolph*, No. 1:02-CV-334, 2004 WL 1854179, at *15 (E.D. Tenn. Jan. 30, 2004). The "GTLA affirms that municipalities in Tennessee are immune from suit with certain exceptions or waivers." *Id*. Particularly, the GTLA provides that:

> Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities where in such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary.

Tenn. Code Ann. § 29-20-201(a). The Act further provides that:

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
>
> . . .
>
> (2) False imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse

7

>of process, libel, slander, deceit, interference with contract rights, *infliction of mental anguish*, invasion of privacy rights, or *civil rights*.

Tenn. Code Ann. § 29-20-205(2) (emphasis added). The Tennessee Supreme Court has held that the waiver of immunity under the GTLA is in derogation of the common law and must, therefore, be strictly construed. *See Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 83 (Tenn. 2001).

Defendants argue that the limited waiver of immunity under the GTLA does not apply in this case because plaintiff's negligence claims arise out of the same circumstances giving rise to his civil rights claim under § 1983 and his claim for intentional infliction of emotional distress is expressly precluded under Tenn. Code Ann. § 29-20-205(2) [Doc. 12]. In response, plaintiff argues that the exception applies only if plaintiff's civil rights claims are analyzed under a negligence standard [Doc. 14].

In *Johnson v. City of Memphis*, the Sixth Circuit held that the GTLA's "'civil rights' exception has been construed to include claims arising under 42 U.S.C. § 1983 and the United States Constitution." 617 F.3d 864, 872 (6th Cir. 2010). The court upheld the lower court's finding that because all of the plaintiff's state-law claims against the defendant were in essence claims for violations of the plaintiff's constitutional rights, the immunity under the GTLA was not waived because the claims fell under the civil rights exception. *Id*. Here, defendants' alleged torts were committed solely in the context of plaintiff's claim for violation of his civil rights and constitutional rights.

8

Therefore, the Court finds that these claims fall under the civil rights exception to the limited waiver of immunity under the GTLA.

Plaintiff also argues that immunity in this case is waived under Tenn. Code Ann. §§ 8-8-301 *et seq*. [Doc 14]. The statute cited by plaintiff provides that:

> Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided, that the deputy is, at the time of such occurrence, acting by virtue or under color of the office.

Tenn. Code Ann. § 8-8-302. Accepting plaintiff's contention that § 8-8-302 creates a cause of action against the county, despite the immunity retained under the GTLA, *see Jenkins v. Loudon Cnty.*, 736 S.W.2d 603, 608 (Tenn. 1987) (holding that although the torts enumerated in Tenn. Code Ann. § 29-20-205(2) are not actionable under the GTLA, they are actionable under § 8-8-302 because the general provisions of the GTLA do not supersede the specific provisions of § 8-8-302) *abrogated by Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73 (Tenn. 2001),[5] the Court nevertheless finds that plaintiff's claims do not fall within the scope of the statute.

In making this determination, the Court must examine whether the "jailhouse personnel" mentioned in plaintiff's complaint are considered sheriffs' deputies as used in

---

[5] In *Limbaugh*, the court abrogated *Jenkins*, concluding that it was an error to expand the intentional torts exception to include all intentional torts; rather, the exception should be limited to only those specifically enumerated in the statute. *Limbaugh*, 59 S.W.3d at 83–84. "Although *Limbaugh* abrogated *Jenkins*, it clearly did not affect the holding in *Jenkins* concerning § 8-8-302. Indeed, the *Limbaugh* opinion did not address § 8-8-302, nor did the opinion indicate what affect it would have on the future application of § 8-8-302." *Davis v. Hardin Cnty., Tenn.*, No. 99-1218, 2002 WL 1397276, at *5 (W.D. Tenn. May 22, 2002).

9

the statute. *See* Tenn. Code Ann. § 8-8-302; [Doc. 1 ¶ 6]. In interpreting state law, at least one federal court has held that Tennessee courts "would find that a jailer is not a deputy for the purposes of § 8-8-302." *Davis v. Hardin Cnty. Tenn.*, No. 99-1218, 2002 WL 1397276, at *3 (W.D. Tenn. May 22, 2002). In so holding, the court "noted that the court is dealing with a statute waiving governmental immunity. Tennessee courts have traditionally treated statutes which waive sovereign immunity with great deference to the language of the statute." *Id.* (citing *Doyle v. Frost*, 49 S.W.3d 853, 858 (Tenn. 2001)). The Court agrees with this determination, and finds that the alleged acts of the jail personnel in plaintiff's complaint do not fall under the limited immunity waiver of Tenn. Code Ann. § 8-8-302 because jail personnel are not considered sheriffs' deputies under the statute. Therefore, this Court finds that plaintiff's state-law tort claims against defendant Knox County should be dismissed because Knox County is immune from such suits under the GTLA.

### C. Claim for Punitive Damages against Knox County

Finally, defendants move to dismiss plaintiff's claim for punitive damages. Defendants argue that punitive damages are not recoverable under 42 U.S.C. § 1983 or under the GTLA [Doc. 12]. In reply, plaintiff argues that punitive damages are not prohibited by Tenn. Code Ann. §§ 8-8-301 *et seq.* [Doc. 14]. Because the Court has found that plaintiff's claims are not actionable under the GTLA and do not fall under the limited waiver of liability of § 8-8-302, the Court agrees with defendants and finds that plaintiff is not entitled to recover punitive damages from the county under Tennessee law,

10

GTLA, or 42 U.S.C. § 1983. *See e.g., City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("[A] municipality is immune from punitive damages under 42 U.S.C. § 1983."); *Alexander v. Beale St. Blues Co., Inc.,* 108 F. Supp. 2d 934, 950 (W.D. Tenn. 1999) ("Punitive damages are not recoverable from a municipality under § 1983 or under the GTLA.") (citations omitted); *Tipton Cnty. Bd. of Educ. v. Dennis*, 561 S.W.2d 148 (Tenn. 1978) (same). Therefore, plaintiff's claim for punitive damages against defendants will be dismissed.

## IV. Conclusion

For the reasons stated above, the Court will **DENY** the Motion of Defendants to Dismiss Complaint [Doc. 10] as moot and **GRANT** the Amended Motion of Defendants to Dismiss Complaint for failure to state a claim upon which relief may be granted [Doc. 11]. Plaintiff's claims against defendant Jones in both his individual and official capacities, plaintiff's state-law tort claims against defendant Knox County, and plaintiff's claims for punitive damages will be **DISMISSED**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE